## DAVIS v. NICHOLSON.
### No. 14612.

Court of Appeal of Louisiana. Orleans.
March 12, 1934.

John A. Woodville, of New Orleans, for appellant.

John Wagner, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit against a negro lodging house proprietor for damages in the sum of $300. Plaintiff's claim is based upon the alleged retention by defendant of her wearing apparel and other personal effects which were located in the lodgings occupied by her. The defendant admits the seizure of the plaintiff's property and justified it upon the ground that she was indebted to him for rent for seventeen weeks at $3 per week or $51, and that as an innkeeper he had the right to retain plaintiff's personal effects under the authority of Act No. 35 of 1896 and Act No. 110 of 1898. He reconvened and asked for judgment for $51 with recognition of his lien and privilege on the property seized.

There was judgment below dismissing both the main and the reconventional demand, and plaintiff has appealed. No answer to the appeal has been filed by defendant.

In our opinion there is no doubt of the authority of the defendant to retain plaintiff's belongings in view of the provisions of the acts which have been cited.

"Inn-keepers, hotel, boarding house and lodging house keepers enjoy this privilege on all the property which the sojourner has brought to their place, whether it belongs to him or not, because the property so brought into their place has become pledged to them by the mere fact of its introduction into their place." Act No. 35 of 1896.

"Innkeepers and all others who let lodgings or receive or take boarders have a privilege, or more properly, a right of pledge on the property of all persons who take their board or lodging with them, by virtue of which they may retain property, and have it sold, to obtain payment of what such persons may owe them on either accounts above mentioned and this privilege shall extend to extras not to exceed Ten ($10) Dollars supplied by the proprietors of hotels, inns and boarding house keepers." Act No. 110 of 1898.

Plaintiff admits that she had been a tenant of defendant, but says that during the weeks for which rental is claimed she earned the $3 per week by doing some washing for him. The record, however, does not bear her out for the testimony largely preponderates in favor of defendant. Lilly May, Max Scott, and Mary Phillips, occupants of the defendant's establishment, testified that the plaintiff, Juanita Davis, admitted to them that she was in arrears for rent thus corroborating defendant in his claim. Our conclusion, therefore, is that the judgment of the trial court is correct and should be affirmed.

For the reasons assigned, the judgment appealed from is affirmed.